Dore, J.
(dissenting). In this case it was a close question whether plaintiff was guilty of contributory negligence as a matter of law in walking into the open elevator shaft under the conditions disclosed. In any event, the jury’s finding, inherent in its verdict, that plaintiff was not guilty of contributory negligence seems contrary to the charge in the light of plaintiff’s evidence. At defendant’s request, the trial court charged the jury that “ the. plaintiff is (Sbliged to exercise due care and cannot recover if he walked blindly into the elevator shaft without looking to see if the car was there.” Plaintiff did not except to that charge and it is the law of the case. Plaintiff testified that the elevator was always well illuminated; that when he was taken to the fifth floor on the night of the accident, there was a large mirror on the rear of the (elevator facing the door with two lights on each side and those lights were lighted; that he asked the elevator operator to wait for him and went to his room B to 10 feet away and did not return for 5 to 7 minutes. On cross-examination he further and repeatedly testified that he “ unhesitatingly stepped ” into the shaft when it was “ dark ”,
There is no evidence to show what caused the shaftway door to open so that plaintiff could fall into the shaftway. Even if some third person had forced the door open and then disappeared- — -mere conjecture and speculation and most improbable — the door would not remain open unless that person continued .to hold it open because the mechanical closer on the door would have caused it to close when the person released his hold unless the automatic closer was out <®£ order. The statement of the elevator operator given to plaintiff could not be received as substantive proof of the truth of its contents but solely as tending to discredit his testimony on the trial.
The court’s charge with respect to the consideration the jury might give to tins statement given by the elevator operator to plaintiff was confusing and the jury might well have considered they could regard that statement as substantive proof of the facts stated therein rather than merely to impeach the witness’ contrary testimony on the trial. Defendant’s counsel objected to such (charge as made and sought to have it clarified; the court’s failure so to do constituted reversible error.
In view of what defendants’ counsel brought out about the insurance coverage and the argument he made thereon, counsel for the plaintiff in his summation had *908 the right to refer to such insurance coverage and meet the argument made. But he had no right to discuss it in a manner calculated to inflame and unfairly influence the jury by urging in effect, for example, that on the one side was plaintiff who had come to this country just as counsel’s own father and mother had, i.e., a relatively poor immigrant, and on the other side was the powerful Travelers Insurance Company. The very last words he used in summation were another wholly and unnecessary reference to “ the Travelers Insurance Company.” In the state of this record I think we may not say the jury was not improperly influenced by the extensive reference in the case to insurance coverage.
I dissent and vote to reverse and grant a new trial.
Peck, P. J., Cohn, Van Voorhis and Shientag, JJ., concur with decision; Dore, J., dissents and votes to grant a new trial in opinion.
Judgment affirmed, with costs. No opinion.